
NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | | |
|---|---|---|
| RON G. VOSS, | ) | No. 12-56168 |
| | ) | |
| Plaintiff - Appellant, | ) | D.C. No. 3:11-cv-00842-H-KSC |
| | ) | |
| v. | ) | MEMORANDUM[*] |
| | ) | |
| JERRY E. KNOTTS; ELECTRONIC | ) | |
| ARTS, INC., a Delaware corporation, | ) | |
| DBA EA Sports; PROCTER & | ) | |
| GAMBLE MANUFACTURING CO.; | ) | |
| VIACOM INC., a Delaware | ) | |
| corporation; VIACOM | ) | |
| INTERNATIONAL INC., | ) | |
| a Delaware corporation, | ) | |
| | ) | |
| Defendants - Appellees. | ) | |
| | ) | |

Appeal from the United States District Court
for the Southern District of California
Marilyn L. Huff, District Judge, Presiding

Submitted April 8, 2014[**]
Pasadena, California

---

[*]This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

[**]The panel unanimously finds this case suitable for decision without oral argument. Fed. R. App. P. 34(a)(2).

Before: FERNANDEZ, N.R. SMITH, and MURGUIA, Circuit Judges.

Ron G. Voss appeals the district court's grant of summary judgment to Jerry E. Knotts, Electronic Arts, Inc., Procter & Gamble Manufacturing Co., Viacom Inc., and Viacom International Inc. (collectively "Knotts") on the basis that Voss lacked standing to pursue the action. We affirm.

The district court did not err when it determined that because Voss had not listed his alleged copyright in his bankruptcy schedules, ownership of the asset[1] remained in the bankruptcy estate[2] and he lacked standing to pursue this action.[3] Only the trustee of the bankruptcy estate would have standing. See 11 U.S.C. § 323(b); Estate of Spirtos v. Superior Court Case, 443 F.3d 1172, 1176 (9th Cir. 2006).

There is no basis to substitute the trustee in bankruptcy for Voss now, on appeal. Voss is not disabled from pursuing his appeal, and he has done so. See Fed. R. App. P. 43(b); Sable Commc'ns of Cal., Inc. v. Pac. Tel. & Tel. Co., 890

---

[1]See Range Rd. Music, Inc. v. E. Coast Foods, Inc., 668 F.3d 1148, 1153 (9th Cir. 2012).

[2]See Cusano v. Klein, 264 F.3d 936, 945–46 (9th Cir. 2001); Stein v. United Artists Corp., 691 F.2d 885, 893 (9th Cir. 1982); see also Rousey v. Jacoway, 544 U.S. 320, 325, 125 S. Ct. 1561, 1565, 161 L. Ed. 2d 563 (2005).

[3]See Cusano, 264 F.3d at 945; Diamond Z Trailer, Inc. v. JZ, L.L.C. (In re JZ, L.L.C.), 371 B.R. 412, 418 (B.A.P. 9th Cir. 2007).

2

F.2d 184, 191 n.13 (9th Cir. 1989).  Moreover, a substitution of parties would not change the fact that the district court did not err.  We deny the motion to substitute.

AFFIRMED; motion DENIED.